UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GRISMORE, et al., | Case No.: 1:17-cv-0413 - JLT |
| Plaintiffs, | PRETRIAL ORDER |
| v. | Deadlines: |
| CITY OF BAKERSFIELD, et al., | Motions in Limine Filing: 12/17/2018<br>Oppositions to Motions in Limine: 12/28/2018<br>Hearing on Motions in Limine: 1/7/2019, 9:30 a.m.<br>Trial Submissions: 1/4/2019 |
| Defendants. | Jury trial: January 14, 2019 at 8:30 a.m., 5-7 days |

Timothy Grismore and Xavier Hines contend they were wrongfully targeted due to their race by Bakersfield police officers, who stopped and detained them on December 5, 2016. The plaintiffs contend the defendants violated their civil rights arising under federal and state laws through an unlawful arrest and actions taken during their arrest. The defendants deny all wrongdoing, and assert the plaintiffs' civil rights were not violated by the officers.

**A.    JURISDICTION/ VENUE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction for Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367. In addition, the events that gave rise to this action occurred in Bakersfield, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California sitting in Bakersfield. *See* 28 U.S.C. § 1391.

1

**B.  JURY TRIAL**

The parties demanded a jury trial in this matter.  (*See* Doc. 63 at 2)

**C.  UNDISPUTED FACTS**

1. Defendants admit that Plaintiffs' claims herein arise out of an incident that took place in the City of Bakersfield, State of California, and within this judicial district.

2. The City of Bakersfield maintains, operates and controls the Bakersfield Police Department.

**D.  DISPUTED FACTS**

**Plaintiffs' Disputed Facts**

1. Whether Plaintiffs were subjected to excessive force;

2. Whether the Defendant officers had reasonable suspicion to detain Plaintiffs;

3. Whether the Defendant officers had probable cause to arrest Plaintiffs;

4. Whether the Defendant officers treated Plaintiffs unequally on account of their race;

5. Whether the Defendant officers' actions were motivated by retaliatory animus, regardless of whether their actions were supported by probable cause;

6. Whether the Defendant officers conspired to interfere with Plaintiffs' civil rights;

7. Whether a substantial motivating reason for the Defendant officers' conduct was Plaintiffs' race under the Ralph Act;

8. Whether the Defendant officers specifically intended to violate the Plaintiffs' rights, or whether their conduct was otherwise sufficiently aggravated or egregious, to warrant enhanced statutory remedies under the Bane Act.

9. Whether any of the Defendants integrally participated in or failed to intervene in the unconstitutional conduct of the others;

10. The nature and extent of Plaintiffs' damages, both past and future; and

11. Whether punitive damages should be imposed and, if so, the amount;

**Defendants' Disputed Facts**:

1. Whether Plaintiffs were walking in the street or on the sidewalk when Officers Melendez and Luevano initially saw them;

2. Whether Plaintiffs complied with commands given by the Defendant Officers;

3. Whether Defendants Melendez and Luevano had reasonable suspicion or probable cause to stop Plaintiffs;

4. Whether Defendants Melendez and Luevano had reasonable suspicion or probable cause to detain Plaintiffs;

5. Whether Defendants Melendez and Luevano had reasonable suspicion or probable cause to search Plaintiffs;

6. Whether Defendants Melendez and Luevano had probable cause to arrest Plaintiffs;

7. Whether Officer Luevano used the term "boy" in reference to Mr. Hines and if so, whether the term is a racial slur;

8. Whether Mr. Hines and/or Mr. Grismore complied with or refused to comply with commands given by the Defendant officers;

9. Whether it was reasonable for Officer Luevano to display his taser;

10. Whether the use of force by each of the Defendant Officers was reasonable;

11. Whether the conduct of Defendant Luevano and/or Defendant Melendez was motivated by racial animus;

12. Whether the conduct of Defendant Luevano and/or Defendant Melendez was in retaliation for Mr. Grismore and/or Mr. Hines' exercise of free speech; and

13. Whether the Defendant Officers conspired together to violate the Plaintiffs' civil rights.

**E.  DISPUTED LEGAL ISSUES**

None.

**F.  DISPUTED EVIDENTIARY ISSUES**

Both parties intend to file motions in limine regarding the evidence to be used at trial. Counsel SHALL conduct a meaningful meet-and-confer process to limit the motions to only those that are **necessary** to file.

**Plaintiffs' Expected Motions:**

1. To exclude all information not known to the officers at the time of the incident or outside the time frame of the incident. This category involves a number of distinct subcategories, and

may be the subject of one or several motions, including with respect to:

    a.    Subsequent contacts between Plaintiffs and law enforcement, including subsequent encounters between Xavier Hines and campus police;

    b.    Prior or subsequent conduct by Plaintiffs, including Timothy Grismore's alleged conduct at the hospital on the night of the incident and Xavier Hines' alleged subsequent conduct at CSU Bakersfield (this category would include, without limitation, any testimony by Defendants' proposed witnesses Frederick Reyes, M. Gonzalez, Steve Holmes, and Don Williams, who propose to testify as to contact with Xavier Hines outside the time frame of the incident);

    c.    Plaintiffs' academic records, enrollment history, and grades. This motion is **GRANTED** except to the extent that the evidence related to their enrollment <u>at the time of the incident</u> may be introduced.

2. To exclude any reference to specific criminal acts by any person other than Plaintiffs, including alleged conduct by gang members prior to the detention and arrest of Plaintiffs, or other examples of citizens or officers being threatened or hurt by persons other than Plaintiffs.

3. To limit testimony about the officers' subjective states of mind, beliefs, or fears.

4. To exclude certain opinions and testimony by Defendants' police practices expert.

5. Plaintiffs may file a motion regarding the qualified immunity and comparative negligence defenses, to establish how these defenses will (and will not) be handled at trial and in front of the jury.

6. To exclude any references to drugs or marijuana.

7. To exclude or limit appeals to passions or prejudices in favor of police officers. This motion is **GRANTED**.

**Defendants' Expected Motions:**

1. To exclude reference to the Bakersfield Police Department or its officers as the "deadliest police force in America" and/or the use of such other inflammatory terms. This motion is **GRANTED**.

2. To exclude any reference to any settlement reached on behalf of any of Defendants in any other case. This motion is **GRANTED** unless for purposes of impeachment. In that event, the

Court **SHALL** be alerted before this evidence is used outside the presence of the jury.

    3.    To exclude any alleged statistics regarding the use of force or deadly force by the Bakersfield Police Department. This motion is **GRANTED** unless for purposes of impeachment. In that event, the Court **SHALL** be alerted before this evidence is used outside the presence of the jury.

    4.    To exclude any reference to the recent report issued by the ACLU. This motion is **GRANTED** unless for purposes of impeachment. In that event, the Court **SHALL** be alerted before this evidence is used outside the presence of the jury.

    5.    To exclude any reference that the City of Bakersfield and/or Police Department is defending and indemnifying its police officers. This motion is **GRANTED** during the liability phase. If there is a punitive phase, the issue is **RESERVED** until the Court hears further argument on the topic.

    6.    To exclude any reference to Damacio Diaz and/or Patrick Mara and their alleged wrongful conduct. This motion is **GRANTED**.

    7.    To exclude any reference to allegedly wrongful acts by other law enforcement officers or agencies (i.e., Ferguson, Tamir, Rice, etc). This motion is **GRANTED**.

    8.    To exclude any reference that the City's policies, training, or discipline is, in any way, inadequate.

    9.    To exclude any reference to any prior or subsequent lawsuits or claims. This motion is **GRANTED** unless for purposes of impeachment. In that event, the Court **SHALL** be alerted before this evidence is used outside the presence of the jury.

    10.    To exclude any evidence or argument that the Defendants failed to investigate or have not yet completed their investigation of this matter. This motion is **GRANTED**.

    11.    To exclude expert opinions which exceed the scope of those disclosed during the course of discovery. This motion is **GRANTED** and counsel **SHALL** explicitly advise the experts of the Court's order and the specific parameters of their allowable testimony.

    12.    To exclude any evidence or argument that either the Department of Justice, the FBI, or any other agency is investigating this matter or its officers or that criminal charges have

been or were considered. This motion is **GRANTED**.

    13. To exclude non- party witnesses from the courtroom. This motion is **GRANTED** except that experts may be present. If they develop new opinions due to evidence heard at trial, they may not state them until the Court rules that they may.

    14. To exclude any golden rule argument. This motion is **GRANTED**.

    15. To exclude particular witnesses identified by Plaintiffs.

    16. To exclude particular exhibits identified by Plaintiffs.

**G. SPECIAL FACTUAL INFORMATION**

None.

**H. RELIEF SOUGHT**

<u>**Plaintiffs**</u>

Plaintiffs seek all available categories of general and non-economic compensatory damages under federal and state law, including but not limited to physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, and humiliation, both past and future. Plaintiffs also seek punitive damages, attorney fees under 42 U.S.C § 1988 and California law, treble damages under the Ralph Act, and costs.

<u>**Defendants**</u>

Defendants seek dismissal of this case, costs, and attorneys' fees under 42 U.S.C § 1988 and 42 U.S.C § 1927, Federal Rule of Civil Procedure 54, Local Rules 292 and 293, and all other applicable statutes and rules.

**I. ABANDONED ISSUES**

Plaintiffs dismissed the following causes of action:

    1. Their third cause of action for violation of the Fourteenth Amendment Substantive Due Process against all Defendants with prejudice;

    2. Their fourth cause of action for violation of the Fourteenth Amendment (Equal Protection) against Defendants Officer Nathan Poteete and Officer Ryan Clark with prejudice;

    3. Their fifth cause of action for violation of the First Amendment (Retaliation) against Defendants Officer Ryan Clark and Officer Nathan Poteete with prejudice;

  4. Their seventh, eighth, and ninth causes of action for Municipal Liability with prejudice;

  5. Their tenth cause of action for violation of the Ralph Act against Defendant Officer Ryan Clark and Nathan Poteete with prejudice; and

  6. Their twelfth cause of action for Battery against Defendant Officer Ryan Clark and Nathan Poteete with prejudice;

**J. WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**Plaintiffs' Witnesses**

1. Timothy Grismore
2. Xavier Hines
3. Danni Melendez
4. Santos Luevano
5. Nathan Poteete
6. Ryan Clark
7. Frank McIntyre
8. Lorena Vasquez
9. Nestor Barajas
10. Daniel McAfee
11. Joseph Mullins
12. Brent Stratton
13. Krystal Albert
14. Monte Wilson
15. Patrick Jackson, Jr.
16. Tyler Harris

| | |
|---|---|
| 17. | Linda Smith |
| 18. | Mattie Smith |
| 19. | Scott DeFoe (expert) |
| 20. | Custodian of Records for Kern County Sherriff's Office |
| 21. | Custodian of Records for City of Bakersfield |
| 22. | Lacey Hines |
| 23. | Lenda Hines |
| 24. | Erick Dominguez |
| 25. | Michael Gerrity |
| 26. | Lyle Martin |
| 27. | Gary Garruesco |
| 28. | Halsey Jackle, M.D. |
| 29. | Khoa Tu, M.D. |
| 30. | Nabil Yassa, M.D. |
| 31. | Lacreisa Conner |
| 32. | Jeriel Fite |

**Defendants' Witnesses**

| | |
|---|---|
| 1. | Timothy Grismore |
| 2. | Xavier Hines |
| 3. | Danni Melendez |
| 4. | Santos Luevano |
| 5. | Nathan Poteete |
| 6. | Ryan Clark |
| 7. | Frank McIntyre |
| 8. | Lorena Vasquez |
| 9. | Nestor Barajas |
| 10. | Daniel McAfee |
| 11. | Joseph Mullins |

| | | |
|---|---|---|
| 12. | Brent Stratton | |
| 13. | Maria Pineda | |
| 14. | Monte Wilson | |
| 15. | Patrick Jackson | |
| 16. | Krystal Albert | |
| 17. | Linda Smith | |
| 18. | Mattie Smith | |
| 19. | Custodian of Records for Kern County Sherriff's Office | |
| 20. | Custodian of Records for California State Bakersfield | |
| 21. | Custodian of Records for Kern Community College District (Bakersfield College) | |
| 22. | Custodian of Records for County of Kern | |
| 22. | Frederick Reyes | |
| 23. | M. Gonzalez | |
| 24. | Steve Holmes | |
| 25. | Don Williams | |
| 26. | Clarence Chapman (expert) | |

**The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:

a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

b. The witness was discovered after the pretrial conference and the proffering party makes the showing required below.

Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

a. The witness could not reasonably be discovered prior to the discovery cutoff;

b. The court and opposing parties were promptly notified upon the discovery;

c.  If time permitted, the party proffered the witness for deposition; and

d.  If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**K. EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1.  **For a party to use an undisclosed exhibit for any purpose, they must meet the following criteria**:

    a.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    b.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

2.  Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    a.  The exhibits could not reasonably have been discovered earlier;

    b.  The court and the opposing parties were promptly informed of their existence; and

    c.  The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**Plaintiffs' Exhibits**

1.  Photographs of Timothy Grismore
2.  Photographs of Xavier Hines
3.  Medical Records of Timothy Grismore from Kern Medical Center
4.  16 injury photographs of Timothy Grismore
5.  BPD General Offense Hardcopy (police report)

| | | |
|---|---|---|
| 6. | BPD Use of Force Report | |
| 7. | NAACP Video | |
| 8. | Audio of Sergeant McAffee's Interview of Grismore | |
| 9. | Kern County – Arietis Report regarding Xavier Hines | |
| 10. | Kern County – Arietis Report regarding Timothy Grismore | |
| 11. | BPD CAD Call Hardcopy | |
| 12. | BPD Policy Manual, Policy 300 | |
| 13. | BPD Policy Manual, Policy 306 | |
| 13. | BPD Policy Manual, Policy 322 | |
| 14. | BPD Policy Manual, Policy 340 | |
| 15. | BPD Policy Manual, Policy 402 | |
| 16. | BPD Policy Manual, Policy 439 | |
| 18. | BPD Policy Manual, Policy 441 | |
| 17. | BPD Policy Manual, Policy 900 | |
| 19. | BPD Policy Manual Rules of Conduct | |
| 20. | BPD Memorandum dated 7/23/14 | |
| 21. | BPD SEU Manual, revised 9/7/12 | |
| 22. | Bakersfield Police Department, Criminal Description Charge Search | |
| 23. | PC 148, Resist, Obstruct, Delay of Peace Officer or EMT | |
| 24. | California POST Basic Learning Domain #1: "Leadership, Professionalism and Ethics." | |
| 25. | California POST Basic Learning Domain #2: "Criminal Justice System." | |
| 26. | California POST Basic Learning Domain #3: "Policing in the Community." | |
| 27. | California POST Basic Learning Domain #15: "Laws of Arrest." | |
| 28. | California POST Basic Learning Domain #16: "Search and Seizure." | |
| 29. | California POST Basic Learning Domain #18: "Investigative Report Writing." | |
| 30. | California POST Basic Learning Domain #20: "Use of Force." | |
| 31. | California POST Basic Learning Domain #21: "Patrol Techniques." | |
| 32. | California POST Basic Learning Domain #23: "Crimes in Progress." | |

| | |
|---|---|
| 33. | California POST Basic Learning Domain #33: "Arrest and Control." |
| 34. | California POST Basic Learning Domain #35: "Firearms/Chemical Agents." |
| 35. | BPD IA Division Year End Reports |
| 36. | Excerpts of Personnel Records for Officer Danni Melendez |
| 37. | Excerpts of Personnel Records for Officer Santos Luevano |
| 38. | Excerpts of Personnel Records for Officer Nathan Poteete |
| 39. | Excerpts of Personnel Records for Officer Ryan Clark |
| 40. | Excerpts of Personnel Records for Officer Daniel McAffee |
| 41. | Excerpts of Personnel Records for Officer Frank McIntyre |
| 42. | Excerpts of Personnel Records for Officer Lorena Vazquez |
| 43. | Excerpts of Personnel Records for Officer Nestor Barajas |
| 44. | Blue Team Reports for Officer Danni Melendez |
| 45. | Blue Team Reports for Officer Santos Luevano |
| 46. | GO# 2016-264930 General Offense Hardcopy |
| 47. | GO# 2015-57211 General Offense Hardcopy |
| 48. | GO# 2016-37613 General Offense Hardcopy |
| 49. | Journal (produced at Plaintiffs' deposition) |
| 50. | November 9, 2017 Letter to Attorney General Xavier Becerra |
| 51. | ACLU Report: Patterns & Practices of Police Excessive Force in Kern County |

**Defendants' Exhibits**

| | |
|---|---|
| 1. | Audio Interview of Timothy Grismore |
| 2. | Kern County Superior Court records for Xavier Hines |
| 3. | Kern Community College District (Bakersfield College) Records for Xavier Hines |
| 4. | Kern Community College District (Bakersfield College) Records for (Timothy Grismore) |
| 5. | Cal State Bakersfield Records for Xavier Hines |
| 6. | Cal State Bakersfield Records for Timothy Grismore |
| 7. | Select records from Kern Medical Center |
| 8. | Video of News Report re: lawsuit |

9. NAACP Video re: incident

10. Video of Timothy Grismore and Xavier Hines from City Council meeting.

11. Various criminal documents pertaining to Patrick Jackson

12. Kern County- Arietis pertaining to Timothy Grismore

13. Kern County- Arietis pertaining to Xavier Hines

14. Video deposition of Timothy Grismore

15. Video deposition of Xavier Hines

On or before **December 14, 2018** counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by **December 12, 2018**.

1. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.</u>

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the

exhibits.  The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.  Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits.  Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

5. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits.  The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **January 11, 2019** Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7. The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**L.     DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to

interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**Plaintiff's Documents**

1. City of Bakersfield's Responses to Plaintiff's Requests for Admission, Set One
2. City of Bakersfield's Responses to Plaintiffs' Special Interrogatories, Set One
3. City of Bakersfield's Responses to Plaintiff's Special Interrogatories, Set Two

**Defendants' Documents**

1. Plaintiff Timothy Grismore's responses to Interrogatories from City of Bakersfield
2. Plaintiff Timothy Grismore's responses to Interrogatories from Danni Melendez
3. Plaintiff Timothy Grismore's responses to Interrogatories from Santos Luevano
4. Plaintiff Timothy Grismore's responses to Interrogatories from Ryan Clark
5. Plaintiff Timothy Grismore's responses to Interrogatories from Nathan Poteete
6. Plaintiff Timothy Grismore's responses to Interrogatories, Set Two from Lorena Vasquez
7. Plaintiff Timothy Grismore's responses to Request for Admission, Set One.
8. Plaintiff Xavier Hines' responses to Interrogatories from City of Bakersfield
9. Plaintiff Xavier Hines' responses to Interrogatories from Danni Melendez
10. Plaintiff Xavier Hines' responses to Interrogatories from Santos Luevano
11. Plaintiff Xavier Hines' responses to Interrogatories from Ryan Clark
12. Plaintiff Xavier Hines' responses to Interrogatories from Nathan Poteete

**M. FURTHER DISCOVERY OR MOTIONS**

No further discovery is sought by either party.

**N. MOTIONS IN LIMINE**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the

district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be filed with the Court by **December 17, 2018**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court by **December 28, 2018.** The Court sets a hearing on the motions in limine on **January 7, 2019**, at 9:30 a.m. Counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

The parties are reminded they may still object to the introduction of evidence during trial.

**O.    STIPULATIONS**

None.

**P.    AMENDMENTS/ DISMISSALS**

The parties agree to the dismissal of the "Doe Defendants" from the Plaintiffs' Complaint. (Doc. 63 at 29) Accordingly, all claims against "Doe Defendants" are **DISMISSED**.

**Q.    SETTLEMENT NEGOTIATIONS**

Informal settlement discussions occurred, but the parties were not able to resolve the matter. A settlement conference with the Court was vacated when the parties determined a conference would not be beneficial. (*See* Doc. 62 at 2)

**R.    AGREED STATEMENT**

None.

**S.     SEPARATE TRIAL OF ISSUES**

The parties agree that punitive damages should be determined in a separate phase of the case. The Court will bifurcate the amount of punitive damages to a second phase of trial. However, liability for punitive damages will be determined in the first phase.

**T.     APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**U.     ATTORNEYS' FEES**

The parties will seek an award of attorneys' fees as appropriate as a post-trial motion.

**V.     TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **January 14, 2019**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last 5-7 days.

**W.     TRIAL PREPARATION AND SUBMISSIONS**

**1.     Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **January 4, 2019**.

**2.     Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **January 4, 2019**.

**3.     Jury Instructions & Verdict Form**

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **December 12, 2018** The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **December 14, 2018**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **January 4, 2019**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

1 **If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **January 4, 2019,** and identify such as the disputed jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction. Each instruction **SHALL** be numbered.

## X. OBJECTIONS TO PRETRIAL ORDER

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

## Y. MISCELLANEOUS MATTERS

None.

## Z. COMPLIANCE

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated: **December 13, 2018**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE